UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 23-1062 (MAS) |
| v. : | |
| : | SCHEDULING & CONTINUANCE |
| EDGAR WILLIAMS : | ORDER |

This matter having come before the Court for arraignment; and the United States being represented by Philip R. Sellinger, United States Attorney for the District of New Jersey (by Ashley Super Pitts, Assistant United States Attorney, appearing); and defendant Edgar Williams, being represented by Alan Dexter Bowman, Esq.; and the parties having met and conferred prior to arraignment and having determined that this matter may be treated as a criminal case that does not require extensive discovery within the meaning of paragraph 3 of this Court's Standing Order for Criminal Trial Scheduling and Discovery; and the parties having agreed on a schedule for the exchange of discovery and the filing and argument of pretrial motions; and the defendant being aware that he has the right to have the matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to Title 18, United States Code, Section 3161(c)(1); and the defendant having consented to a continuance and waives such right to allow time for the exchange and review of discovery, and the consideration and filing of pretrial motions; and the Court having accepted such schedule and for good cause shown,

1

It is on this \_\_4th\_\_ day of January 2024, ORDERED that:

1. The Government has already provided defense counsel with a significant amount of discovery, including those items required by Federal Rule of Criminal Procedure 16(a)(1). The Government shall provide the remainder of discovery on or before **February 2, 2024**.

2. The Government shall provide exculpatory evidence, within the meaning of *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, on or before **February 2, 2024**. Exculpatory evidence that becomes known to the Government after that date shall be disclosed reasonably promptly after becoming known to the Government.

3. The defendant shall provide all discovery required by Federal Rule of Criminal Procedure 16(b)(1) on or before **February 23, 2024**.

4. The defendant shall provide any and all notices required by Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3 on or before **February 23, 2024**.

5. The following shall be the schedule for pretrial motions in this matter:

   a) The defendant shall file any and all pretrial motions, pursuant to Federal Rules of Criminal Procedure 12(b) and 41(h), in the manner set forth in L. Civ. R. 7.1, on or before **March 22, 2024**;

   b) The Government shall file any response to the Defendant's pretrial motions on or before **April 12, 2024**;

   c) The defendant shall file any reply on or before **April 19, 2024**;

2

    d) Oral argument on pretrial motions shall be held on a date and time set by the Court, if necessary.

    6. Pursuant to paragraphs 17 to 21 of the Court's Standing Order No. 15-2, the Court shall, in consultation with the parties, schedule a final pretrial conference that will be held no sooner than two (2) weeks following the disposition of pretrial motions. If appropriate, a trial date will be set at this final pretrial conference.

    7. The defendant is aware that he has the right to have the matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to Title 18, United States Code, Section 3161(c)(1), and the defendant has consented to a continuance through April 19, 2024, and waived such right; and

    8. Pursuant to Title 18, United States Code, Section 3161(h)(7), the Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

Therefore, it is FURTHER ORDERED that this action be, and it hereby is, continued from the date this Order is signed through April 19, 2024; and that the period from the date this Order is signed through April 19, 2024, shall be excludable in computing time under the Speedy Trial Act of 1974.

_____
Honorable Michael A. Shipp
United States District Judge

Form and entry consented to:

_____
Ashley Super Pitts
Assistant U.S. Attorney

_____
Alan Dexter Bowman, Esq.
Counsel for defendant Edgar Williams